**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 16 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT D. BENTLEY,

      Petitioner-Appellant,

v.

KANSAS SECRETARY OF
CORRECTIONS,

      Respondent-Appellee.

No. 99-3163
(District of Kansas)
(D.C. No. 99-CV-3133)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Robert Bentley, proceeding *pro se* and *in forma pauperis*, seeks a certificate of appealability ("COA") so that he can appeal the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. *See* 28 U.S.C. § 2253(c)(1)(a). Because Bentley has not made a "substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** him a COA and **dismisses** this appeal.

In his habeas petition, Bentley asserted that he was being improperly denied access to Kansas legal resources and the Kansas courts and was thereby denied any opportunity to challenge his 1977 Kansas conviction for second degree murder. Although Bentley had been tried and convicted in Kansas, he is currently serving his sentence in an Arizona prison pursuant to an inmate transfer agreement between Kansas and Arizona. According to Bentley, the Arizona prison is completely lacking in Kansas legal materials.

The district court dismissed Bentley's § 2254 petition without prejudice on the grounds that Bentley's claims relate to the conditions of, rather than to the fact or duration of, his confinement and, therefore, must be brought in a 42 U.S.C. § 1983 civil rights complaint. *See Berry v. Scafe*, No. 98-3194, 1999 WL 89152, at *2-*3 (10th Cir. Feb. 23, 1999) (discussing distinction between § 2254 habeas petitions and § 1983 civil rights complaints and noting that they are not interchangeable). The district court further noted Bentley had raised this identical

claim in a prior § 2254 petition and that the earlier petition had also been dismissed without prejudice on the grounds that the claims must be brought pursuant to § 1983.

Upon *de novo* review of Bentley's application for a COA and appellate brief, the district court order of dismissal, and the entire record on appeal, this court concludes that the district court's resolution of this case is not debatable among jurists of reason, subject to a different resolution on appeal, or deserving of further proceedings. *See Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4. (1983). Accordingly, we **DENY** Bentley's request for a COA for substantially those reasons set forth in the district court's order dated May 17, 1999, and **DISMISS** the appeal.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge